**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 118813

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Birsen Sanliturk, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Halsted Financial Services LLC, LVNV Funding, LLC and Alltran Financial, LP, <br><br> Defendants. | Case No: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Birsen Sanliturk, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Halsted Financial Services LLC, LVNV Funding, LLC and Alltran Financial, LP (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Birsen Sanliturk is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Halsted Financial Services LLC, is an Illinois Limited Liability Company with a principal place of business in Cook County, Illinois.

9. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

10. On information and belief, Defendant Alltran Financial, LP, is a Texas Limited Partnership with a principal place of business in Harris County, Texas.

11. On information and belief, Defendant Halsted Financial Services LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant LVNV Funding, LLC regularly collects or attempts to collect debts asserted to be owed to others.

13. On information and belief, Defendant Alltran Financial, LP regularly collects or attempts to collect debts asserted to be owed to others.

14. On information and belief, Defendant Halsted Financial Services LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

15. On information and belief, Defendant LVNV Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

16. On information and belief, Defendant Alltran Financial, LP is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17. On information and belief, the principal purpose of Defendant Halsted Financial Services LLC's business is the collection of such debts.

18. On information and belief, the principal purpose of Defendant LVNV Funding, LLC's business is the collection of such debts.

19. On information and belief, the principal purpose of Defendant Alltran Financial, LP's business is the collection of such debts.

20. On information and belief, Defendant Halsted Financial Services LLC uses the mails in its debt collection business.

21. On information and belief, Defendant LVNV Funding, LLC uses the mails in its debt collection business.

22. On information and belief, Defendant Alltran Financial, LP uses the mails in its debt collection business.

23. Defendant Halsted Financial Services LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. Defendant Alltran Financial, LP is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

26. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

27. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

28. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

29. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or

she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

30. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

31. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

32. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

33. Defendants allege Plaintiff owes a debt ("the alleged Debt").

34. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

35. The alleged Debt does not arise from any business enterprise of Plaintiff.

36. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

38. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

39. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the

4

March Letter") dated March 8, 2019. (**Exhibit 1.**")

40. In their efforts to collect the debt, Defendants again contacted Plaintiff by letter ("the May Letter") dated May 10, 2019. (**Exhibit 2.**")

41. In their efforts to collect the debt, Defendants additionally contacted Plaintiff by letter ("the Alltran Letter") dated May 25, 2019. (**Exhibit 3.**")

42. The Letters conveyed information regarding the alleged Debt.

43. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

44. The March Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

45. The Letters were received and read by Plaintiff.

46. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

47. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

48. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692e(10)**
**As to Defendant Halsted Financial Services, LLC**

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

52. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

53. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

54. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

55. The March Letter contained various validation rights that Plaintiff could exercise within 30 days of the receipt of such letter.

56. The May Letter received after the March Letter, again contained various validation rights that Plaintiff could exercise within 30 days of the receipt of such letter.

57. The March Letter makes it appear that the period for exercising the validation rights begun with the receipt of such letter and ended with it.

58. The May Letter again represents that the period for exercising the validation rights begun with the receipt of such letter and ended with it.

59. The March Letter can be interpreted to mean that such period of 30 days to exercise the validation rights started with the receipt of such letter.

60. The May Letter can also be interpreted to mean that such period of 30 days to exercise the validation rights started with the receipt of such letter.

61. As a result of the foregoing, in the eyes of the least sophisticated consumer, the letters are open to more than one reasonable interpretation, at least one of which is inaccurate.

62. Because the letters are open to more than one reasonable interpretation, they violate 15 U.S.C. §§ 1692e and 1692e(10).

63. Because the letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer, they violate 15 U.S.C. §§ 1692e and 1692e(10).

64. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

### SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

65. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

66. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

67. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

68. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

69. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

70. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

71. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

72. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

73. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

74. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

75. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

76. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

77. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

79. Plaintiff received the Alltran Letter during the 30 day validation period provided by Defendant Halsted Financial Services, LLC.

80. Upon the receipt of the Alltran Letter, the least sophisticated consumer would be confused as to which Defendants to send their written dispute.

81. The least sophisticated consumer could interpret the entity provided in the May Letter as the correct entity to send their written dispute.

82. The least sophisticated consumer could also interpret the entity provided in the Alltran Letter as the correct entity to send their written dispute.

83. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

84. Because the Letters are open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

85. For all of the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692g(a)(1)

86. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

88. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

89. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual

amount of the debt.

90. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

91. The Letter claims that Plaintiff owes $10,062.70.

92. Plaintiff did not owe $10,062.70.

93. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

94. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

95. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

96. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

98. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

99. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

100. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

101. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

102. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

103. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

104. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

105. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

106. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

107. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

108. The Letter alleges that Plaintiff owed $10,062.70.

109. Plaintiff did not owe $10,062.70.

110. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

111. Defendants' allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

112. Defendants' allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

113. Defendant's allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

114. Defendants' allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

115. Defendants' allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

116. Defendants' allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

117. Defendants' allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

118. Defendants' allegation that Plaintiff owed $10,062.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Deb tin violation of 15 U.S.C. § 1692e(10).

119. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(2)

120. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

121. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

122. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

123. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

124. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

125. The Letter claims the name of the creditor to whom the alleged Debt is owed is

LVNV Funding LLC.

126. Plaintiff did not owe the alleged Debt to LVNV Funding LLC.

127. LVNV Funding LLC never offered to extend credit to Plaintiff.

128. LVNV Funding LLC never extended credit to Plaintiff.

129. Plaintiff was never involved in any transaction with LVNV Funding LLC.

130. Plaintiff never entered into any contract with LVNV Funding LLC.

131. Plaintiff never did any business with LVNV Funding LLC.

132. Plaintiff was never indebted to LVNV Funding LLC.

133. LVNV Funding LLC is a stranger to Plaintiff.

134. Defendants' statement that LVNV Funding LLC is "the name of the creditor to whom the debt is owed," when LVNV Funding LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

135. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

## SIXTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

136. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

137. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

138. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

139. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

140. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

141. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

12

142. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

143. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

144. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

145. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

146. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

147. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

148. The Letter claims that Plaintiff owes a debt to LVNV Funding LLC.

149. Plaintiff did not owe a debt to LVNV Funding LLC.

150. LVNV Funding LLC never offered to extend credit to Plaintiff.

151. LVNV Funding LLC never extended credit to Plaintiff.

152. Plaintiff was never involved in any transaction with LVNV Funding LLC.

153. Plaintiff never entered into any contract with LVNV Funding LLC.

154. Plaintiff never did any business with LVNV Funding LLC.

155. Plaintiff was never indebted to LVNV Funding LLC.

156. LVNV Funding LLC is a stranger to Plaintiff.

157. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

158. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a deceptive representation made by

Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

159. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

160. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

161. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

162. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

163. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

164. Defendants' allegation that Plaintiff owed a debt to LVNV Funding LLC, when Plaintiff did not owe a debt to LVNV Funding LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

165. Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

166. Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

167. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

168. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

14

169. Plaintiff seeks to certify a class:

> All consumers to whom Defendants sent multiple collection letters containing validation notices, substantially and materially similar to the letters sent to Plaintiff, which letters were sent on or after a date one year prior to the filing of this action to the present.

170. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

171. The Class consists of more than thirty-five persons.

172. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

173. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

174. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

175. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c.   Find that Defendants' actions violate the FDCPA; and

    d.   Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.   Grant Plaintiff's costs; together with

    g.   Such other relief that the Court determines is just and proper.

DATED: March 3, 2020

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118813